UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM ALLEN RIMMEL, III, | § § | |
| *Plaintiff*, | § § | No._____ |
| ~v~ | § § | JURY DEMAND |
| BOBBIE J. BURKE, | § § | |
| *Defendant*. | § | |

## COMPLAINT

Plaintiff, for his causes of action, will show the Court as follows:

**Introduction:**

1. This is a matter that arises from a series of intentional acts and omissions of the Defendant in Marion County, Tennessee.

2. As shown further, Plaintiff brings this suit pursuant to the diversity of the parties.

**Jurisdiction and Venue:**

3. This is an action brought pursuant to the complete diversity of citizenship and residencies of the parties. Thus, this Court is vested with original jurisdiction under 28 U.S.C. § 1332(a).

4. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. §1391(B). All acts complained of occurred within Marion County, a political sub-division of the State of Tennessee, and physically located within the fourteen-county district of this Court.

5. At all relevant times, the Plaintiff was a resident of the State of Tennessee.

6. At all relevant times, the Defendant was a resident of the State of Georgia.

~ 1 ~

7. Plaintiff seeks compensatory and punitive damages in the amount of one hundred and sixty-five thousand dollars ($165,000.00).

**Factual Basis:**

8. On August 12, 2018, Plaintiff was operating a motorcycle traveling westbound on Interstate 24 ("I-24") in Marion County, Tennessee in a lawful manner.

9. Defendant was operating a Honda Civic sedan ("sedan") traveling westbound on Interstate 24 ("I-24") in Marion County, Tennessee.

10. Plaintiff came upon and Defendant unlawfully swerved over to the Plaintiff, coming fully into Plaintiff's lane of travel, forcing Plaintiff toward the guardrail.

11. Defendant remained in Plaintiff's lane of travel drifting toward Plaintiff, forcing Plaintiff completely onto the shoulder and within inches of the guardrail.

12. Plaintiff sped up to escape Defendant, and Plaintiff was successful in escaping Defendant's attack.

13. Defendant then caught up with Plaintiff and struck Plaintiff's motorcycle with her sedan, nearly causing Plaintiff to crash.

14. At all times relevant to this cause of action, the speeds in which Defendant drove her sedan and in which Plaintiff drove his motorcycle to avoid Defendant exceed 60 miles per hour.

15. Defendant continued to use her sedan in an attempt to strike the Plaintiff, and Defendant actually struck Plaintiff two more times.

16. Finally, Defendant struck Plaintiff's rear tire, causing the rear tire of the Plaintiff's motorcycle to jam under Defendant's front bumper at the speed of about 70 mph.

17. The action in ¶ 16, caused Defendant to slow down.

18. The same action caused Plaintiff's motorcycle to wobble, and Plaintiff had to jump off the motorcycle as the two vehicles came to a near stop against a guardrail.

19. Then, Defendant accelerated while the Plaintiff's motorcycle was partially under the front bumper of the sedan.

20. Plaintiff was trapped between the two vehicles and the guardrail.

21. The only avenue for escape for Plaintiff was to jump over the guardrail.

22. However, there was a fence up against the guardrail that prevented Plaintiff's escape.

23. Even if the fence did not block Plaintiff, Plaintiff would have had to jump over the guardrail and fall about 15 to 20 feet.

24. Plaintiff, a lawfully permitted handgun owner, pulled out his firearm, broke out the passenger window of the sedan with the firearm, and attempted to turn off the Defendant's vehicle, meanwhile, Defendant continued to accelerate forward "burning rubber" of her tires, but the motorcycle prevented Defendant's continued forward movement.

25. It was only after Plaintiff broke out the passenger window of the Defendant's sedan with his firearm in his attempt to turn off the engine that Defendant finally shut off the engine.

26. These events covered an approximate distance of 5 miles.

**Count 1:**
**Assault**

27. Plaintiff reasserts and incorporates fully all averments stated in the previous paragraphs of this Complaint as if fully set out herein.

28. Defendant's actions constituted an assault upon the Plaintiff without any lawful justification.

~ 3 ~

Case 1:19-cv-00223-JRG-SKL    Document 1    Filed 08/01/19    Page 3 of 6    PageID #: 3

29. Defendant's unlawful actions against Plaintiff were the direct and proximate cause of Plaintiff's injuries, damages to his motorcycle, and mental anguish.

30. Defendant committed her acts with actual malice that allows Plaintiff an award of substantial punitive damages.

**Count 2:**
**Battery**

31. Plaintiff reasserts and incorporates fully all averments stated in the previous paragraphs of this Complaint as if fully set out herein.

32. Defendant's actions constituted a battery upon the Plaintiff without any lawful justification.

33. Defendant's unlawful actions against Plaintiff were the direct and proximate cause of Plaintiff's injuries, damages to his motorcycle, and mental anguish.

34. Defendant committed her acts with actual malice that allows Plaintiff an award of substantial punitive damages.

**Count 3:**
**Intentional Infliction of**
**Emotional Distress**

35. Plaintiff reasserts and incorporates fully all averments stated in the previous paragraphs of this Complaint as if fully set out herein.

36. Defendant's actions constituted an intentional infliction of emotional distress upon the Plaintiff without any lawful justification.

37. Defendant's unlawful actions against Plaintiff were the direct and proximate cause of Plaintiff's injuries, damages to his motorcycle, and mental anguish.

38. Defendant committed her acts with actual malice that allows Plaintiff an award of substantial punitive damages.

## Count 3:
**Negligence**

39. Plaintiff reasserts and incorporates fully all averments stated in the previous paragraphs of this Complaint as if fully set out herein.

40. Defendant had a duty to operate her sedan in a safe manner and to refrain from using her sedan as a weapon.

41. In the alternative, the Defendant had a duty to operate her sedan in a safe manner, and to obey all of the Tennessee Rules of the Road, which included stopping and rendering aid to the Plaintiff after the initial contact with the Plaintiff. Instead, Defendant continued to drive her sedan in an unsafe manner for about five miles from the initial impact location and only stopped driving after she drove her sedan into the rear of Plaintiff's motorcycle and after Plaintiff took actions to turn off the engine to the sedan.

42. Defendant's negligent and unlawful actions against Plaintiff were the direct and proximate cause of Plaintiff's injuries, damages to his motorcycle, and mental anguish.

43. Defendant's actions and omissions were so grossly negligent as to allow Plaintiff an award of substantial punitive damages.

**Wherefore**, having pleaded his claims, Plaintiff seeks the following relief:

a. Compensatory damages in the amount of $15,000.00.

b. Damages for mental anguish in the amount of $50,000.00.

c. Punitive damages in the amount of $100,000.00

d. Trial by jury.

e. Tax costs of the clerk to the Defendant.

f. General relief.

Respectfully submitted,

By: /s/ Robin Ruben Flores
    **ROBIN RUBEN FLORES**
    **TENN. BPR #20751**
    **GA. STATE BAR #200745**
    Attorney for Plaintiff
    4110-A Brainerd Road
    Chattanooga, TN 37411
    O: (423) 267-1575
    F: (423) 267-2703
    robin@robinfloreslaw.com

c.     Plaintiff sues the individual defendants in their individual capacities as an alternate theory of recovery and cause of action.

**FACTUAL BASIS:**