UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WILLIAM ALLEN RIMMEL, III, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 1:19-CV-223 |
| BOBBIE J. BURKE, | ) ) ) |  |
| Defendant. | ) |  |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Dismiss. [Doc. 49]. Plaintiff filed his Complaint before the Court on August 1, 2019, seeking damages for assault, battery, intentional infliction of emotional distress, and negligence. [Doc. 1]. The facts of this case pertain to a motor vehicle accident that occurred in August 2018, and there is a related criminal action wherein Plaintiff is the criminal defendant. An appeal of said criminal action is currently pending before the Tennessee Supreme Court.

On September 27, 2022, Defendant filed a Motion for Summary Judgment. [Doc. 38]. The Court granted Defendant's Motion with respect to Count Three of the Complaint for intentional infliction of emotional distress. [Doc. 47, at 7]. In its Order granting partial summary judgment, the Court found that giving credibility to Plaintiff's version of events as set forth in the Complaint would "fly in the face of the jury's conclusion[s]" at trial. [*Id.* at 9]. However, the Court reserved ruling on the remaining counts because Plaintiff's criminal convictions were not final due to his pending appeal. [*Id.* at 7–10]; *see* B*rown v. Burch Porter & Johnson PLLC*, No. 15-2167, 2015 U.S. Dist. LEXIS 132524 at *12 ("Unlike federal law, under Tennessee law a 'judgment is not final . . . where an appeal is pending.'" (quoting *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn.

Ct. App. 1991))). Plaintiff has now filed a Motion for Dismissal, seeking voluntary dismissal of this case without prejudice. [Doc. 49]. Defendant does not object to Plaintiff's Motion. [Doc. 48].

Federal Rule of Civil Procedure 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(1) is inapplicable here because Defendant has answered the Complaint [Doc. 8], meaning this action can only be dismissed by the Court. When considering a plaintiff's request to dismiss an action, the Court must take into account whether voluntary dismissal will prejudice the defendant. *See Maldonado v. Thomas M. Cooley Law School,* 65 Fed. Appx. 955, 956 (6th Cir. 2003). Relevant factors concerning potential legal prejudice to the defendant include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, plaintiff's explanation of the need for dismissal and whether a motion for summary judgment has been filed by the defendant." *Id.* (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

Given the substantial time invested by the Court and the Defendant in this litigation, including entry of an order partially granting summary judgment in Defendant's favor, the Court would usually be incredibly reluctant to find that Defendant would not be prejudiced by a voluntary dismissal. Defendant filed an exhibit list, witness list, stipulation of damages, and proposed pretrial order in preparation of trial, while Plaintiff did not. However, Defendant has indicated she does not oppose Plaintiff's Motion. [Doc. 48]. Since Defendant, the party who will suffer any prejudice

from a voluntary dismissal, does not oppose, the Court finds that voluntary dismissal is permissible.

Regardless, Rule 41(a)(2) states that this Court can dismiss this action "on terms that the court considers proper." The Sixth Circuit has agreed that "[d]istrict courts have broad discretion to attach conditions to voluntary dismissals under Rule 41(a)(2)." *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000) (citation omitted). The Court has already dismissed Plaintiff's claim for intentional infliction of emotional distress. Plaintiff did not bother to respond to Defendant's motion for summary judgment or file any required pretrial documents, and so the Court finds that it would be a waste of not only the Defendant's efforts and resources, but also the considerable resources already expended by the Court, to allow Plaintiff to restart the case from the beginning with a new filing.

Accordingly, the Court will **GRANT** Plaintiff's Motion [Doc. 49], subject to certain conditions: (1) should Plaintiff decide to refile his case, it must be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law;[1] (2) all previous rulings and entries on the docket for this case must stand; and (3) if Plaintiff prevails in his refiled case, he must pay Defendant's expenses, costs, and fees for work performed in the first action that cannot be used in the second. An appropriate judgment will enter, and the remainder of Defendant's Motion for Summary Judgment [Doc. 38] and Defendant's Motion for Entry of Order Granting Summary Judgment [Doc. 46] are hereby dismissed as **MOOT.**

So ordered.

ENTER:

---

[1] Plaintiff's Complaint in this action seeks $165,000 in damages, alleges that he is a resident of Tennessee, and alleges that Defendant is a resident of Georgia. [Doc. 1, at 1–2]. Jurisdiction is therefore proper before the Court pursuant to 28 U.S.C. § 1332. Defendant also admits that jurisdiction and venue are proper before this Court. [Doc. 8, 1].

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE